[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 9, 2008
THOMAS K. KAHN
CLERK

No. 08-11074
Non-Argument Calendar

_____

D. C. Docket No. 04-01767-CV-ORL-18KRS

JEFFERY C. WEBSTER,

Petitioner-Appellant,

versus

SECRETARY, DOC,
FL ATTORNEY GENERAL,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 9, 2008)**

Before BARKETT, MARCUS and WILSON , Circuit Judges.

PER CURIAM:

Jeffery Webster, a Florida prisoner convicted of robbery with a deadly weapon, appeals pro se the denial of his habeas corpus petition, which was brought pursuant to 28 U.S.C. § 2254, alleging ineffective assistance of counsel. The district court granted a certificate of appealability on the limited issue of whether Webster's trial counsel was ineffective because, during Webster's trial, he did not fully examine, enhance, and present a surveillance video of the crime.

On appeal, Webster argues, first, that, by failing to investigate the surveillance video and photographic stills from the video, his counsel failed to investigate Webster's "one plausible line of defense that could scientifically prove his innocence" and was, therefore, ineffective. He argues that: (1) geometric measurements reveal that it was physically impossible for him to have been the individual on the video; (2) the jury considered the video and the photographic stills during its deliberations; and (3) no reasonable attorney would have failed to conduct an investigation. Webster stresses that he and his attorney discussed the physical differences between himself and the individual on the video, but his counsel did not investigate these differences and, therefore, had little to present to

2

the jury. Using "photogrammetry,"[1] he argues that there are differences between his own body, particularly in arm length, and the body of the individual in the video and the stills. He argues that, if his counsel had presented the facts related to the photogrammetry at trial, the charges against him would have been dismissed. Webster, second, argues that the district court's decision to dismiss his habeas petition without an evidentiary hearing was unreasonable.

I.

We review a district court's denial of a § 2254 petition de novo, while the court's factual findings are reviewed for clear error. See Sims v. Singletary, 155 F.3d 1297, 1304 (11th Cir. 1998). Mixed questions of law and fact, including ineffective assistance of counsel claims, also are reviewed de novo. Id.

Where a claim was adjudicated on the merits in state court, federal courts shall not grant habeas relief unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[1]A technique where geometric properties of objects are determined using photographic images.

28 U.S.C. § 2254(d).

When a convicted defendant claims that his counsel's assistance was ineffective, the defendant must show that (1) his counsel was deficient, i.e., made errors so serious that counsel was not functioning as guaranteed under the Sixth Amendment, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Id. at 687, 104 S. Ct. at 2064.

"For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence." Putman, 268 F.3d at 1243. Reviewing courts must be highly deferential and utilize the strong presumption that counsel's performance was reasonable. Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc). "[B]ecause counsel's conduct is presumed reasonable, for a petitioner to show that the conduct was unreasonable, a petitioner must establish that no competent counsel would have taken the action that his counsel did take." Id. at 1315. A reasonable probability of a different result at trial is one sufficient to

undermine confidence in the outcome, and the defendant must do more than show that the error had some conceivable effect on the outcome of the proceeding. Strickland, 466 U.S. at 693-94, 104 S.Ct. at 2067-68. When an individual challenges a state court's Strickland decision, "it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly. . . . he must show that the [state court] applied Strickland to the facts of his case in an objectively unreasonable manner." Bell v. Cone, 535 U.S. 685, 699, 122 S.Ct. 1843, 1852, 152 L.Ed.2d 914 (2002).

Upon review of the record and consideration of the briefs of the parties, we discern no reversible error. Webster was positively identified by an eyewitness who also identified Webster's vehicle in addition to the surveillance video. Moreover, Webster has not shown that additional investigation by his attorney with respect to the video would have resulted in exonerating clarification of the video. The district court did not err in denying his claim for habeas relief based on ineffective assistance of counsel.

## II.

We review a district court's decision to deny an evidentiary hearing for an abuse of discretion. Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317, 1333 (11th Cir. 2004). The applicable federal habeas statute provides that:

5

[i]f the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--

(A) the claim relies on--

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). The U.S. Supreme Court has held that:

[f]or state courts to have their rightful opportunity to adjudicate federal rights, the prisoner must be diligent in developing the record and presenting, if possible, all claims of constitutional error. If the prisoner fails to do so, himself or herself contributing to the absence of a full and fair adjudication in state court, § 2254(e)(2) prohibits an evidentiary hearing to develop the relevant claims in federal court, unless the statute's other stringent requirements are met. Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings.

Williams v. Taylor, 529 U.S. 420, 437, 120 S.Ct. 1479, 1491, 146 L.Ed.2d 435

(2000).

Because Webster did not develop his claim fully in state court, and his claim did not rely on a new rule of constitutional law, nor a factual predicate that could not have been previously discovered, the district court did not abuse its discretion in denying Webster's petition without an evidentiary hearing. Accordingly, we affirm.

**AFFIRMED.**